UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

JEROLD M. SAEMAN,                    Case No. 24-00395-swd
                                      Chapter 13
                                      Hon. Scott W. Dales
            Debtor.

_____/

RAFIC ELKANTAR,                      Adversary Pro. No. 24-80028

            Plaintiff,

v.

JEROLD M. SAEMAN,

            Defendant.

_____/


MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge


Jerold M. Saeman (the "Debtor") filed his chapter 13 bankruptcy petition on February 19, 2024, and soon after the filing, the chapter 13 trustee filed and amended his motion to dismiss the Debtor's base case on April 23, 2024 (the "Motion to Dismiss" ECF Nos. 40 & 93). After an opportunity for discovery, the Debtor, the chapter 13 trustee, and the United States Trustee filed a settlement agreement under which the Debtor agreed to voluntarily dismiss his case and submit to a bar to re-filing for 180 days. *See* Settlement Agreement of Consent and Joint Motion to Voluntarily Dismiss Case With 180-Day Refiling Bar in Full Resolution of Contested Matter Over Chapter 13 Trustee's Motion to Dismiss Case (the "Settlement," Base Case ECF No. 140). The court approved the settlement and dismissed the case on June 12, 2024.

Prior to dismissal, Rafic Elkantar ("Elkantar" or "Plaintiff") commenced this adversary proceeding asserting four counts including conversion and fraudulent misrepresentation, and asking the court to rule that Debtor's resulting debts to Elkantar are non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4).

On June 12, 2024, the court entered its Order to Show Cause Why Adversary Proceeding Should Not Be Dismissed Along with Debtor's Chapter 13 Case (ECF No. 3, the "OSC").  In the OSC, the court explained that,

> [A]n adversary proceeding tied to an underlying bankruptcy "base case" is not automatically terminated when the base case is dismissed, "so long as there still exists an otherwise valid basis for a bankruptcy court's jurisdiction." *In re Wcislak*, 446 B.R. 827, 829-30 (Bankr. N.D. Ohio 2011); s*ee also In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009); *Peabody Landscape Const. Inc. v. Schottenstein*, 371 B.R. 276, 280 (S.D. Ohio 2007).  A court may retain jurisdiction depending on the adversary proceeding's "nexus to the underlying bankruptcy case." *Peabody*, 371 B.R. at 280.  If the proceeding was "related to the bankruptcy case at the time of its commencement" and is a "core proceeding" then the nexus is sufficient.  *Id*; *In re Johnson*, 575 F.3d at 1083.

> While the continuation of an adversary proceeding after a base case's dismissal is possible, courts have also held that, generally, such an arrangement is inappropriate.  Indeed, at least one court in this circuit has held that where the "dismissal of the bankruptcy case moots the underlying controversy . . . then the adversary proceeding is properly dismissed." *In re Bli Farms*, 294 B.R. 703, 705 (Bankr. E.D. Mich. 2003).  Some courts make an exception when the litigants can show "good cause" as to why the bankruptcy court should retain jurisdiction.  *See* 11 U.S.C. § 349 (explaining the effects of dismissal "[u]nless the court, for cause, orders otherwise").  If a litigant establishes good cause, the "presiding court is vested with discretion to retain the adversary proceeding." *Peabody*, 371 B.R. at 280.

OSC, 2.  In response to the OSC, Elkantar entered his Affidavit and Brief in Response (ECF Nos. 5 and 6, the "Affidavit" and the "Brief"), asking the court to retain jurisdiction.  Elkantar cites judicial economy, fairness and convenience as reasons for keeping his case alive in this forum. After careful consideration, the court is not convinced that any of Elkantar's arguments amount to a valid basis to continue litigating this matter in bankruptcy court despite dismissal of the main bankruptcy case.  The fraud and conversion counts belong in state court, and the dischargeability claims are mooted by the Settlement and dismissal.

Fraud and Conversion

As previously noted, in general, "the dismissal of a bankruptcy case should result in the dismissal of related proceeding because the court's jurisdiction in the latter depends, in the first instance, on the nexus between the underlying bankruptcy case and the related proceedings." *In re 5900 Assoc.'s, Inc*., 468 F.3d 326, 330 (6th Cir. 2006) (internal quotations omitted).  Although the decision to dismiss is discretionary, a court must consider the factors of "economy, convenience, fairness, and comity" in deciding whether to exercise its "sound discretion," in dismissing an adversary proceeding upon dismissal of the base case where residual jurisdiction exists to adjudicate a claim. *In re Murray*, No. 20-1910, 2021 WL 4026732, at *5 (6th Cir. Sept.

3, 2022) (quoting *Peabody Landscape Const. Inc. v. Schottenstein*, 371 B.R. 276, 280 (S.D. Ohio 2007)).  The court will consider Elkantar's arguments under each factor.

*Fairness*: Elkantar argues that "to require [him] to assert his claims anew, outside of the bankruptcy court, is demonstrably unfair."  (Brief, 6.)  He claims this is so because dismissing this adversary proceedings will force him start over in state court, delaying his relief and causing extra financial hardship.  On the other side, he asserts, deciding these claims in bankruptcy court will not prejudice the Debtor, who purposefully availed himself of this forum and therefore knew he might face such litigation here.

Elkantar's fairness argument falls short of the mark.  First, Elkantar will have to expend resources to prosecute his claims whether in state court in Michigan or in Bankruptcy Court. Indeed, he has likely expended additional resources by fighting dismissal here.  Further, this adversary proceeding is in its infancy.  The parties have not begun litigating the underlying issues involved in the fraud or conversion claims, and so forcing Elkantar to "start anew" in state court will not result in substantial duplication of labor.  For the same reason, bringing these claims in state court will not result in substantial delay.  These are state law claims and state courts are best situated to efficiently adjudicate them.  The court finds this factor weighs against retention of jurisdiction.

*Comity*: Comity is a principle that means "all else being equal, state issues ought to be decided by state courts." *In re Casamont Investors, Ltd.*, 196 B.R. 517, 524 (9th Cir. 1996).  Here, the conversion and fraud claims are state claims and properly reserved for the state courts.  This factor weighs against retention of jurisdiction.  The principal federal nexus -- the effect of the Defendant's discharge on Plaintiff's claims against the Defendant -- vanished with the dismissal of the main bankruptcy case.

*Judicial Economy*: Elkantar next argues that retaining jurisdiction will serve the interest of judicial economy because his claims are similar to the claims of Joan Wyrembelski and Michael Discher, two other creditors who filed adversary proceedings against the Debtor under similar facts.  However, neither Ms. Wyrembelski nor Mr. Discher responded to the court's OSC, and both of their adversary proceedings will be dismissed, undercutting this aspect of the argument.

Elkantar further argues that the court's familiarity with the issues involved in this proceeding makes bankruptcy court a more efficient forum to adjudicate his claims.  However, as previously noted, the parties have not even begun to litigate Elkantar's fraud or conversion claims. The court is, therefore, not currently better situated than any other court to decide these matters.

*Convenience of the Parties*: Finally, repeating earlier arguments, Elkantar asserts that the bankruptcy court is a more convenient forum for both the Debtor and himself because they have already commenced litigation here.  He states that by retaining jurisdiction, "the Court will be reducing the potential cost and expense to [himself] and [the Debtor] alike, while enabling these parties to adjudicate the claims raised in the Adversary Proceeding in a much more expeditious

manner." (Brief, 8.)  However, as previously discussed, the court is not convinced that retaining jurisdiction and litigating these state court claims in bankruptcy court will result in a more efficient or speedy resolution to the controversy -- which, again, has hardly started.  Therefore, this factor also weighs against retaining jurisdiction.

<u>Non-dischargeability Under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4)</u>

Although Elkantar primarily focuses on his state law fraud and conversion claims against the Debtor, he also asks the court to make a non-dischargeability determination relating to those claims.  Since the Debtor's base case is dismissed (*see* Order Approving Settlement Agreement, ECF No. 141,) these claims are either moot, *see Bli Farms*, 294 B.R. at 705, or at least not ripe, as they depend on whether the Debtor refiles for relief under Title 11.

After weighing the relevant factors and considering Elkantar's arguments, the court declines to retain jurisdiction over Elkantar's state law conversion and fraud claims -- Counts I and II of the complaint.  As a result, those counts will be dismissed.  Counts III and IV, asking the court to determine that the Debtor's debts resulting from Counts I and II are non-dischargeable in bankruptcy are rendered nonjusticiable by the dismissal of the Debtor's bankruptcy case and will likewise be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. Adversary Proceeding No. 24-80028 is DISMISSED WITHOUT PREJUDICE, and
2. The Clerk shall prepare a judgment consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk shall serve this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Jerold M. Saeman, James R. Oppenhuizen, Esq., and Robert P. Stein, I, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated July 18, 2024**



Scott W. Dales
United States Bankruptcy Judge